STATE OF NORTH CAROLINA      FILED      IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF SAMPSON      2021 AUG 20      FILE NO. 21 CVS 9110

KIMBERLY M. CARLISLE,

    Plaintiff,

    v.

ABRAM WIEBE and MINER
EXCAVATING AND TRUCKING LTD,

    Defendants.

**COMPLAINT**
[Served with First Set of Interrogatories, First Request for Admissions, and First Request for Production of Documents]

NOW COMES Plaintiff Kimberly M. Carlisle ("Plaintiff" or "Ms. Carlisle") by and through her undersigned counsel, for her Complaint against Defendants Abram Wiebe and Miner Excavating and Trucking LTD (collectively "Defendants"), alleging and saying as follows:

## SUMMARY

This motor vehicle negligence action arises out of a tractor-trailer wreck that occurred on I-40 in Maggie Valley, North Carolina on August 22, 2019 (the "Wreck"). At the time of the Wreck, Defendant Abram Wiebe ("Defendant Wiebe") was operating a 2001 Peterbilt tractor-trailer owned by Defendant Miner Excavating and Trucking LDT ("Defendant Miner Excavating") westbound on I-40. As Defendant Wiebe drove west along I-40, he failed to timely see that traffic ahead of him was stopped or coming to a stop. Because he did not leave himself with sufficient time to stop the tractor-trailer to prevent a collision with the vehicle ahead of him, he attempted to maneuver his tractor-trailer between the vehicles in his own rightmost lane and the adjacent leftmost lane. He was unable to safely do so, and, instead, allowed his tractor-trailer to strike the vehicle in which Ms. Carlisle was a passenger.

As a proximate result of Defendant Wiebe's failure to pay attention to the roadway and properly reduce his speed, he caused a motor vehicle collision which has left Ms. Carlisle with serious injuries, including, but not limited to, a mild traumatic brain injury, neck pain, shoulder pain, left foot and ankle pain, and lower back pain. Ms. Carlisle now brings this action to recover the full measure of her damages caused by Defendants' negligence, including the various damages associated with her bodily injuries, such as physical pain, mental suffering, medical bills, loss or reduction in use of part of her body, suffering and mental anguish, lost wages and earnings, and permanent injuries. All of these damages were directly caused by Defendant Wiebe's negligent driving as further set forth herein.



Case 1:21-cv-00273-MR-WCM   Document 1-1   Filed 10/08/21   Page 1 of 11

## PARTIES

1. Plaintiff Kimberly M. Carlisle is a citizen and resident of Sampson County, North Carolina and is neither an infant, incompetent, nor under any other legal disability.

2. Upon information and belief, Defendant Abram Wiebe is a citizen and resident of Saskatchewan, Canada and is neither an infant, incompetent, nor under any other legal disability.

3. Upon information and belief, Defendant Wiebe is not currently serving as a member of the United States armed forces.

4. Upon information and belief Defendant Wiebe currently resides at 115 Pineview Drive, Winkler MB, Saskatchewan, Canada R6W2A2.

5. Upon information and belief, Defendant Miner Excavating and Trucking LDT is a corporation organized and existing under and by virtue of the laws of the province of Saskatchewan, Canada.

6. Upon information and belief, Defendant Miner Excavating has a principal place of business in Riverhurst, Saskatchewan, Canada S0H3P0.

7. Upon information and belief, at the time of the Wreck described herein, Defendant Miner regularly did business and was engaged in substantial activity in the State of North Carolina, including operating tractor-trailers in interstate commerce across the State of North Carolina.

## VENUE AND JURISDICTION

8. Jurisdiction is proper in this Court pursuant to N.C. Gen. Stat. § 1-75.4.

9. Venue in the Superior Court of Sampson County is proper pursuant to N.C. Gen. Stat § 1-82.

10. This Court has subject matter jurisdiction under, *inter alia*, N.C. Gen. Stat. §§ 7A-240 and 7A-243.

## FACTUAL ALLEGATIONS

2

11. The allegations contained in Paragraphs 1 - 10 of this Complaint are hereby incorporated by reference as if fully restated herein.

12. At all times relevant to this action, I-40 in Haywood County was a public road.

13. On August 22, 2019, at approximately 3:03 p.m. (the "Time of the Wreck"), Ms. Carlisle was traveling west along I-40 as a passenger in a 2017 Chevy vehicle (VIN 1GC4KYC6HF239444) (the "Carlisle Vehicle") in Haywood County, North Carolina.

14. The Carlisle Vehicle was driven by John Pat Carlisle ("Mr. Carlisle"), Ms. Carlisle's husband.

15. The Carlisle Vehicle was pulling a trailer with one or more all-terrain vehicles.

16. On August 22, 2019, at approximately 3:03 p.m., Defendant Wiebe was operating a 2001 Peterbilt tractor-trailer (VIN 1XP5DR9X11D566594) ("Defendants' Tractor-Trailer") west on I-40 in Haywood County, North Carolina in the same vicinity as the Carlisle Vehicle.

17. Upon information and belief, Defendants' Tractor-Trailer was owned by Defendant Miner Excavating.

18. Immediately prior to the Time of the Wreck, Defendant Wiebe was operating Defendants' Tractor-Trailer in the rightmost westbound lane.

19. Immediately prior to the Time of the Wreck, Mr. Carlisle was operating the Carlisle Vehicle in the leftmost westbound lane.

20. Immediately prior to the Time of the Wreck, the Carlisle Vehicle was ahead of the Defendants' Tractor-Trailer.

21. Prior to the Time of the Wreck, Defendant Wiebe noticed that traffic was slowing or stopped ahead of him.

22. Defendant Wiebe determined that he did not have sufficient time and space to fully stop Defendants' Tractor-Trailer prior to striking the vehicle(s) ahead of him.

23. After determining that he did not leave himself sufficient time to stop Defendants' Tractor-Trailer, Defendant Wiebe attempted to drive Defendants' Tractor-Trailer in the middle of the two westbound lanes between the vehicles properly occupying said lanes.

24. When Defendant Wiebe attempted the action described in Paragraph 23, Defendants' Tractor-Trailer crashed into the Carlisle Vehicle (the "Wreck")

25. Upon information and belief, Defendant Wiebe was distracted and not paying attention to the roadway around him immediately prior to the Time of the Wreck.

3

26. At the Time of the Wreck, Defendant Wiebe failed to yield to the traffic situation existing immediately in front of him and, instead, crashed into the Carlisle Vehicle.

27. The Wreck damaged Defendants' Tractor-Trailer and the Carlisle Vehicle.

28. The Wreck caused significant force to be transmitted to the Carlisle Vehicle.

29. The force of the Wreck was sufficient to cause injury to a person of normal susceptibility if they were operating or riding as a passenger in the Carlisle Vehicle.

30. The Wreck caused physical injuries to Ms. Carlisle, including, but not limited to injury to her brain, lower back, neck, shoulders, and left foot and ankle.

31. At all pertinent times, including the Time of the Wreck, Defendant Wiebe was required to operate Defendants' Tractor-Trailer with reasonable care under the conditions then and there existing.

32. At the Time of the Wreck, Defendant Wiebe was required to keep a proper lookout for other vehicles and for traffic conditions on the roadway.

33. At the Time of the Wreck, Defendant Wiebe was required to maintain proper control over Defendants' Tractor-Trailer.

34. At the Time of the Wreck, Defendant Wiebe was required to maintain proper position in his lane.

35. At the Time of the Wreck, Defendant Wiebe was required to maintain a safe distance from vehicles travelling on the roadway.

36. At the Time of the Wreck, Defendant Wiebe was required to reduce speed to avoid wrecking into the vehicle beside him.

37. At all pertinent times, including at the Time of the Wreck, Defendant Wiebe failed to operate Defendants' Tractor-Trailer with reasonable care for the conditions then and there existing.

38. At the Time of the Wreck, Defendant Wiebe failed to keep a proper lookout for other vehicles and for traffic conditions present.

39. At the Time of the Wreck, Defendant Wiebe failed to maintain proper control over the Defendants' Tractor-Trailer.

40. At the Time of the Wreck, Defendant Wiebe failed to yield for the Carlisle Vehicle.

41. At the Time of the Wreck, Defendant Wiebe failed to maintain proper position in his lane.

4

42. At the Time of the Wreck, Defendant Wiebe failed to maintain a safe distance from vehicles traveling on the roadway.

43. At the Time of the Wreck, Defendant Wiebe failed to reduce speed to avoid wrecking into the Carlisle Vehicle.

44. Upon information and belief, Defendant Wiebe drove and operated Defendants' Tractor-Trailer carelessly and recklessly so as to endanger the motoring public, including Mr. and Ms. Carlisle, at the Time of the Wreck.

45. At all pertinent times on the day of the Wreck and at the Time of the Wreck, Mr. Carlisle drove Carlisle Vehicle with reasonable care.

46. As a direct and proximate result of the Wreck, Ms. Carlisle suffered severe, painful and potentially permanent injuries as alleged further elsewhere herein.

## FIRST CLAIM FOR RELIEF
(Motor Vehicle Negligence)

47. The allegations contained in Paragraphs 1 – 46 of this Complaint are hereby incorporated by reference as if fully restated herein.

48. Defendant Wiebe owed a duty of care to other motorists, including Ms. Carlisle, to drive Defendants' Tractor-Trailer upon the public roadway with reasonable care.

49. Defendant Wiebe owed a duty of care to other motorists, including Ms. Carlisle, to drive Defendants' Tractor-Trailer in obedience to the safety statutes of North Carolina, including those requiring him to keep a proper lookout, maintain proper control of Defendants' Tractor Trailer, maintain proper lane control, travel at a reasonable speed under the circumstances, and reduce his speed to avoid a collision with other vehicles, including the Carlisle Vehicle.

50. Defendant Wiebe breached the aforesaid safety statutes of North Carolina.

51. The aforesaid Wreck was caused by Defendant Wiebe's negligent operation of Defendants' Tractor-Trailer, in that he:

   a. Failed to keep and maintain a reasonably careful and proper lookout in order to avoid the wreck in direct violation of N.C.G.S. § 20-154;

   b. Operated Defendants' Tractor-Trailer without due caution and circumspection, thereby creating a substantial risk of injury to persons and damage to property;

5

c. Failed to decrease the speed of Defendants' Tractor-Trailer in a manner that was reasonable and prudent under the circumstances and conditions then and there existing, in order to avoid collision, in direct violation of N.C. Gen. Stat. § 20-141;

d. Operated Defendants' Tractor-Trailer carelessly and heedlessly with disregard to the rights or safety of others in direct violation of N.C. Gen. Stat. § 20-140;

e. Failed to properly maintain lane control in violation of N.C. Gen. Stat. § 20-146(d)(1)

f. Failed to decrease the speed of his automobile, failed to properly and timely apply the brakes of his automobile, failed to stop his automobile, or otherwise exercise due care to avoid collision after the danger of collision was discovered by him or in the exercise of due care should have been discovered by him, although he had the time and means available to do so; and,

g. Was negligent in other ways to be shown after discovery and at trial.

52. The aforesaid acts of negligence on the part of Defendant Wiebe were in violation of his statutory duty to operate Defendants Tractor-Trailer in a safe and lawful manner such that his conduct constitutes negligence *per se*.

53. The aforesaid conduct of Defendant Wiebe was in violation of his duty to operate Defendants' Tractor-Trailer in a reasonable and prudent manner, with due regard to the rights and safety of others, such that his conduct constitutes ordinary negligence.

54. Defendant Wiebe's negligence led to a collision and impact that could reasonably have been expected to injure a person of ordinary physical condition and susceptibility.

55. As a direct, foreseeable, and proximate result of Defendant Wiebe's negligence, as set out elsewhere herein, Ms. Carlisle:

a. Has suffered painful injuries to her body;

b. Has undergone treatment and incurred expenses related to the care of her aforesaid injuries;

c. Upon information and belief, may continue to incur such expenses related to the care and treatment of her injuries, perhaps for the remainder of her life;

d. Has experienced physical pain and mental suffering;

e. Upon information and belief, will continue to experience physical pain and mental suffering, perhaps for the remainder of her life;

6

    f. Has experienced a loss of wages, earnings, or diminished earning capacity and may continue to experience a diminished earning capacity for life;

    g. Upon information and belief, has suffered permanent injuries to parts of her body;

    h. Upon information and belief, has injuries that are disabling or impairing and will continue to be impairing or disabling in the future or for the remainder of her life;

    i. Upon information and belief, has experienced a past loss of use of parts of her body;

    j. Upon information and belief, will experience in the future and, perhaps for the remainder of her life, a loss of use of parts of her body; and,

    k. May suffer additional losses or damages that will be discovered during litigation or that may be shown at the trial of this action, and the right to amend this Complaint to add such additional damages is expressly reserved.

56. As a result of the aforesaid negligence of Defendant Wiebe, Ms. Carlisle has been damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), and Defendant Wiebe is liable to Plaintiff for those damages.

## SECOND CLAIM FOR RELIEF
(Agency Pursuant to N.C. Gen. Stat. § 20-71.1 – Defendants Miner)

57. The allegations contained in Paragraphs 1 – 56 of this Complaint are hereby incorporated by reference as if fully restated herein.

58. Upon information and belief, on August 22, 2019, Defendant Miner Excavating provided Defendant Wiebe with the use of Defendants' Tractor-Trailer. Further, Defendant Wiebe, at all times relevant herein, was operating and using Defendants' Tractor-Trailer with the authority, consent, knowledge and as an agent of Defendant Miner Excavating, for whose conduct while operating said Vehicle, Defendant Miner Excavating is legally responsible in accordance with the provisions of N.C. Gen. Stat. § 20-71.1 and pursuant to the principal-agent relationship between Defendants.

59. The aforesaid negligence of Defendant Wiebe is attributable and imputed to Defendant Miner Excavating pursuant to N.C. Gen. Stat. § 20-71.1 and pursuant to the principal-agent relationship between said Defendants.

60. As a result of the aforesaid negligence of Defendant Wiebe, for which Defendant Miner Excavating is liable pursuant to N.C. Gen. Stat § 20-71.1, Ms. Carlisle has been damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), and Defendant Miner

7

Excavating is jointly and severally liable with Defendant Wiebe to Plaintiff for those damages.

### THIRD CLAIM FOR RELIEF
(Vicarious Liability / Agency – Defendants Miner)

61. The allegations contained in Paragraphs 1 – 60 of this Complaint are hereby incorporated by reference as if fully restated herein.

62. Upon information and belief, at all times pertinent to this action, Defendant Miner Excavating was the employer of Defendant Wiebe.

63. Upon information and belief, at the time of the Wreck, Defendant Wiebe was engaged in work and driving Defendants' Tractor-for Defendant Miner.

64. Upon information and belief, at the time of the Wreck, Defendant Wiebe was engaged in the business of Defendant Miner Excavating.

65. Upon information and belief, at the time of the Wreck, Defendant Wiebe was operating Defendants' Tractor-Trailer within the course and scope of his authority or employment with Defendant Miner Excavating.

66. Upon information and belief, at the time of the Wreck, Defendant Wiebe was an agent for Defendant Miner Excavating.

67. The conduct or negligence of Defendant Wiebe at the time of the Wreck is imputed by operation of law and the doctrine of *respondeat superior* to Defendant Miner Excavating.

68. As a result of the aforesaid negligence of Defendant Wiebe, for which Defendant Miner Excavating is vicariously liable, Ms. Carlisle has been damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) and Defendant Miner Excavating is jointly and severally liable with Defendant Wiebe to Ms. Carlisle for those damages.

### FOURTH CLAIM FOR RELIEF
(Negligence – Defendant Miner Excavating)

69. The allegations contained in Paragraphs 1 – 68 of this Complaint are hereby incorporated by reference as if fully restated herein.

70. Upon information and belief, Defendant Miner Excavating was the employer of Defendant Wiebe on August 22, 2019.

71. On August 22, 2019, and at all relevant times before, Defendant Miner Excavating owed a duty to use ordinary care in the hiring of any individual who would drive Defendants' Tractor-Trailer, including Defendant Wiebe.

72. On August 22, 2019, and at all relevant times before, Defendant Miner Excavating owed a duty to hire individuals who would operate its vehicles on the public roadways in a safe and lawful manner.

73. On August 22, 2019, and at all relevant times before, Defendant Miner Excavating owed a duty to use ordinary care in the training of any individual who would drive Defendants' Tractor-Trailer, including Defendant Wiebe.

74. On August 22, 2019, and at all relevant times before, Defendant Miner Excavating owed a duty to train their employees to operate its vehicles on the public roadways in a safe and lawful manner.

75. On August 22, 2019, and at all relevant times before, Defendant Miner Excavating owed a duty to use ordinary care in the supervising of any individual who would drive Defendants' Tractor-Trailer, including Defendant Wiebe.

76. On August 22, 2018, and at all relevant times before, Defendant Miner owed a duty to supervise their employees and ensure they were operating Defendants' vehicles on the public roadways in a safe and lawful manner.

77. On August 22, 2018, and at all relevant times before, Defendant Miner Excavating directly and by and through its agents, employees, officers, representatives, and others for whom it is legally responsible, owed Ms. Carlisle a duty to:

    a. Use ordinary care under the circumstances in the hiring of Defendant Wiebe;

    b. Use ordinary care under the circumstances in the training of Defendant Wiebe;

    c. Use ordinary care under the circumstances in the supervising and monitoring of Defendant Wiebe; and,

    d. Act or not act negligently in any manner that may be discovered during the litigation or trial of this action.

9

78. On August 22, 2019, and at all relevant times before, Defendant Miner Excavating directly and by and through its agents, employees, officers, representatives, and others for whom it is legally responsible, breached its duty of care to Ms. Carlisle and was negligent in that it:
    a. Failed to use ordinary care under the circumstances in the hiring of Defendant Wiebe, including by failing to ensure that he would operate their motor vehicles in a safe and lawful manner;
    b. Failed to use ordinary care under the circumstances in the training of Defendant Wiebe, including by failing to train Defendant Wiebe to operate its motor vehicles in a safe and lawful manner;
    c. Failed to use ordinary care under the circumstances in the supervision and monitoring of Defendant Wiebe, including by failing to supervise Defendant Wiebe and ensure he was operating their motor vehicles in a safe and lawful manner; and,
    d. Acted or did not act with ordinary care in any manner that may be discovered during the litigation or the trial of this action.

79. As a direct and proximate result of Defendant Minor Excavating's negligence, as herein alleged, Ms. Carlisle suffered the injuries and damages further set forth elsewhere herein.

80. As a result of the aforesaid negligence of Defendant Miner Excavating, Ms. Carlisle has been damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), and Defendant Minor Excavating is liable to Plaintiff for those damages.

WHEREFORE, having set forth his causes of action herein, Plaintiff Kimberly M. Carlisle prays the Court for the following relief:

1. That she have and recover of Defendants, jointly and severally, judgment for compensatory damages in an amount which exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00), plus interest at the highest rate allowed by law from and after the filing of this action until paid;

2. That the costs of this action, including expert witness fees, filing fees, deposition costs, and other costs allowable under applicable North Carolina law, be taxed against Defendants jointly and severally;

3. That her attorneys' fees be awarded against Defendants, jointly and severally;

4. That she have a trial by jury on all issues so triable;

10

5. That, should Defendants be proven to be uninsured or underinsured motorists during the litigation of this matter, she be allowed to arbitrate any uninsured or underinsured motorist claim and have this action stayed or stopped;

6. That any award in arbitration or judgment be satisfied by any applicable uninsured or underinsured motorist coverage; and,

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 19th day of August, 2021.

*Counsel for Plaintiff Kimberly M. Carlisle*
**MAGINNIS HOWARD**

BY: _____
T. SHAWN HOWARD
N.C. State Bar No. 41323
7706 Six Forks Road, Suite 101
Raleigh, North Carolina 27615
Tel: (919) 480-8526
Fax: (919) 882-8763
tshoward@maginnislaw.com

**CIOFFI LAW FIRM**

BY: _____
ANDREW P. CIOFFI
N.C. State Bar No. 12902
4208 Six Forks Road, Suite 1000
Raleigh, North Carolina 27609
Tel: (919) 782-2000
Fax: (919) 741-5856
andrew@cioffilawfirm.com

11